**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MARCELLO DAMON** **PETITIONER**

**v.** **NO. 4:26-cv-00417-LPR-PSH**

**DEXTER PAYNE** **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Marcello Damon ("Damon") challenges his 2023 Ashley County Circuit Court conviction. His challenge is built upon the following claims: (1) he was denied the effective assistance of counsel when his trial attorney failed to file a timely motion to suppress, (2) Damon's Fourth Amendment rights were violated when police officers conducted an unconstitutional search of his vehicle; (3) the prosecution failed to disclose exculpatory evidence, and (4) he was denied his right to appeal the denial of his state petition for post-conviction relief. It is recommended that this case be dismissed. His claims are procedurally barred from federal court review, without merit, or otherwise not cognizable.

Here, Damon was convicted of possession of more than ten but less than two hundred grams of methamphetamine with intent to deliver. His conviction was based on evidence that his vehicle was stopped for crossing the center line and searched, once at the scene of the stop and a second time at a body shop where the vehicle had been towed. During the second search, "police officers discovered a large quantity of methamphetamine." See Damon v. State, 2025 Ark. App. 50, 2025 WL 322565, 1 (2025).

Damon appealed and raised the following claims: (1) there was insufficient evidence to support his conviction, and (2) the state trial court erred by "disallowing his cross-examination of the arresting police officers on constitutional issues related to the stop and search of [his vehicle] ..." See Damon v. State, 2025 WL 322565, 1. The Arkansas Court of Appeals found no reversible error and affirmed his conviction.[1]

Damon then filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. In the petition, Damon maintained that his trial attorney's representation was ineffective because, among other reasons, counsel failed to file a timely motion to suppress on the ground that the second search was conducted by off-duty police officers who lacked probable cause. The state trial court denied the petition, finding, in part, the following:

> ... the trial court had the opportunity to hear the entire case, including the reasons for the traffic stop and the subsequent searches. ... There was no basis for suppression. The stop was lawful, the 1st search was lawful, and the 2nd search was lawful. A timely suppression motion would not have had any bearing on the outcome of the case. As such, the Court finds no prejudice.

See Docket Entry 9, Exhibit 7 at CM/ECF 62.

[1] The case was remanded, though, to correct an error in the sentencing order.

Damon attempted to appeal the denial of his Rule 37 petition by mailing a notice of appeal to the clerk of the state trial court on October 2, 2025. The clerk did not file the notice of appeal, though. Instead, the clerk returned the notice of appeal to Damon because "the document['s] margins were less than two inches" and were in violation of Arkansas Supreme Court Administrative Order 2(g). <u>See</u> Docket Entry 9, Exhibit 8 at CM/ECF 1.[2] Upon being notified of the error, Damon mailed a properly formatted notice of appeal to the clerk on October 9, 2025. The clerk filed the second notice of appeal on October 16, 2025.

Nothing was apparently done in response to the filing of the second notice of appeal because on December 12, 2025, Damon filed a motion for rule on the clerk with the Arkansas Supreme Court. In the motion, he asked that the state Court of Appeals be ordered to entertain his Rule 37 appeal, noting that his delay in mailing a properly formatted notice of appeal was due to the clerk's reliance on a "technical, non-jurisdictional defect." <u>See</u> Docket Entry 9, Exhibit 8 at CM/ECF 1. The state Court of Appeals denied the motion for rule on the clerk, and the state Supreme Court denied Damon's subsequent request to review the denial of that motion.

---

[2] Administrative Order 2(g) provides, in part, that "[t]here shall be a two inch ... top margin on the first page of each document submitted for filing to accommodate the court's file mark."

Damon then began this case by filing the petition at bar. In the petition, he raised the following claims: (1) he was denied the effective assistance of counsel when his trial attorney failed to file a timely motion to suppress the evidence collected during the second search of Damon's vehicle; (2) Damon's Fourth Amendment rights were violated when his vehicle was searched a second time by off-duty police officers who lacked probable cause; (3) the prosecution failed to disclose exculpatory evidence, the evidence being that the second search of his vehicle was conducted by off-duty police officers; and (4) he was denied the right to appeal the denial of his Rule 37 petition.

Payne filed a response to Damon's petition. In the response, Payne maintained that the petition should be dismissed because Damon's claims are procedurally barred from federal court review, without merit, or otherwise not cognizable.

Damon thereafter filed a reply. He began by acknowledging that his claims were "never fully and fairly litigated in state court." See Docket Entry 11 at CM/ECF 1. He assigned blame to, and offered as cause for his procedural default, his trial attorney's ineffectiveness. In support of the assertion, Damon noted the state trial court's order denying his pre-trial motions, an order in which the court found, in part, the following:

> If Defense Counsel isn't prepared for trial, that's on Defense Counsel. This case could have been evaluated and investigated, top to bottom, including conducting interviews of law enforcement officers, by any motivated defense attorney in less than one day. All of these Motions are untimely and a meritless attempt to delay the trial a 4th time. ...

See Docket Entry 2 at CM/ECF 23. Damon also assigned blame to, and also offered as cause, "the state court['s] [refusal] to consider the merits of his Rule 37 appeal." See Docket Entry 11 at CM/ECF 1. With respect to the merits of his claims, the first three of which involve the second search of his vehicle, he maintained that his Fourth Amendment rights were violated because the "second search was conducted by ... off-duty officer[s] without a warrant, without exigent circumstances, and without legal authority." See Docket Entry 11 at CM/ECF 3.

1. Ineffective assistance of counsel. Damon's first claim is that he was denied effective assistance of counsel when his trial attorney failed to file a timely motion to suppress the evidence collected during the second search of Damon's vehicle. In support of the claim, he alleges that his attorney failed to appear at pre-trial hearings, "attempted to withdraw on the eve of trial, and filed critical motions only days before [the] trial, causing them to be denied and untimely," thereby forfeiting a meritorious Fourth Amendment claim. See Docket Entry 2 at CM/ECF 5.

A petitioner is required to raise each claim for relief at each step in the state courts in order to avoid a procedural default once he arrives in federal court by means of a petition pursuant to 28 U.S.C. 2254. See Moore v. Eberhard, No. 4:13-cv-00074-KGB, 2014 WL 948500 (E.D.Ark. Mar. 11, 2014). See also Marcyniuk v. Payne, 39 F.4th 988 (8th Cir. 2022) (if petitioner fails to present claim to state courts, claim is generally defaulted.) "The failure to appeal from the trial court's denial of post-conviction relief represents a break in the chain and results in denying the state courts the full opportunity to address the claim[]." See Moore v. Eberhard, 2014 WL 948500, 5. See also Williamson v. Jones, 936 F.2d 1000 (8th Cir.1991) (petitioner's failure to pursue claim in state post-conviction appeal results in procedural bar to federal habeas corpus relief). A defaulted claim cannot be considered by the federal courts unless the petitioner can show "cause and prejudice to excuse the default." See Marcyniuk v. Payne, 39 F.4th at 995 (internal quotation marks and citations omitted). The defaulted claim can also be considered if the failure to consider it will result in a fundamental miscarriage of justice, that is, "a constitutional violation has probably resulted in the conviction of one who is actually innocent." See McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997) (internal quotation marks and citations omitted).

Here, Damon raised the first claim at bar in his Rule 37 petition. The state trial court denied the claim because there was "no basis for suppression," and "[a] timely suppression motion would not have had any bearing on the outcome of the case." See Docket Entry 9, Exhibit 7 at CM/ECF 62. Damon attempted to appeal the denial of his petition, but the clerk of the state trial court rejected the only timely submitted notice of appeal because the document was not properly formatted. It might give the undersigned some pause if the clerk's application of a state Supreme Court administrative order were the final word, but the clerk did not have the final word. Instead, the final word was from the state appellate courts when they each denied Damon's motion for rule on the clerk. Given the state appellate courts' actions, which were based on an independent and adequate state law ground, Damon did not properly present his first claim to the state courts and a procedural default has arisen.[3] The only questions are whether his default can be excused and whether the failure to consider the claim will result in a fundamental miscarriage of justice.

[3] "A federal court is precluded from considering a habeas corpus claim that a 'state court has disposed of on independent and adequate non-federal grounds.' Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (citing Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002). 'This rule applies whether the state law ground is substantive or procedural.' Coleman v. Thompson, 501 U.S. 722, 729 (1991)." See Adams v. Hobbs, No. 5:14-cv-00067-KGB, 2014 WL 5306782, at 6 (E.D.Ark. Oct. 15, 2014).

As cause for the procedural default, Damon offers his trial attorney's ineffectiveness. Damon's offer of cause is unavailing for two reasons.

First, ineffective assistance of counsel can serve as cause for a procedural default. The use of ineffective assistance of counsel as cause, though, must first be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017).

Here, Damon presented a claim of ineffective assistance of counsel as an independent Sixth Amendment claim in his Rule 37 petition. He failed, though, to press the claim to a final resolution, as he failed to properly appeal from the state trial court's denial of the Rule 37 petition. His failure to do so represented a break in the chain and resulted in denying the state courts the full opportunity to address the claim.

Second, notwithstanding the foregoing, the undersigned assumes, arguendo, that Damon presented his Sixth Amendment claim to the state courts but was unduly thwarted in pressing the claim to a final resolution. Even given that assumption, the claim cannot serve as cause because the state trial court could and did find that counsel was not ineffective.

Strickland v. Washington, 466 U.S. 668 (1984), governs a petitioner's challenge to his trial attorney's representation. The petitioner must show that counsel's performance as deficient and that prejudice resulted, i.e., a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See also Slocum v. Kelley, 854 F.3d 524 (8th Cir. 2017).

In this instance, the state trial court found that there was no basis for suppressing the evidence seized during the second search of Damon's vehicle and a timely motion to suppress would not have had any bearing on the outcome of the case. The court could find as it did, and Damon has not shown how the finding contradicts or unreasonably applies United States Supreme Court precedent, or was an adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[4]

[4] 28 U.S.C. 2254(d) mandates the granting of deference to the adjudication of a claim made by the state courts and applies to an adjudication made by either a state trial or appellate court. See McCoy v. Norris, No. 5:06-cv-00261-JFF, 2007 WL 865409 (E.D. Ark. Feb. 13, 2007). 28 U.S.C. 2254(d) provides that if a claim is adjudicated on the merits in state court, a federal court cannot grant relief unless the state court (1) contradicts or unreasonably applies United States Supreme Court precedent, or (2) makes an adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See Shoop v. Twyford, 596 U.S. 811 (2022). The question is not whether the state court's determination is incorrect. See Id. Instead, the question is whether the state court's determination is unreasonable, a substantially higher threshold than whether the determination is incorrect. See Id.

Damon also cannot benefit from Martinez v. Ryan, 566 U.S. 1 (2012), which provides a means for excusing the procedural default of a claim of ineffective assistance of trial counsel when there is no counsel in an initial-review collateral proceeding. The United States Supreme Court made clear in that case the Sixth Amendment claim must be a "substantial claim," see id. at 17, and Damon's claim here is not substantial.

As cause for the procedural default, Damon also offers "the state court['s] [refusal] to consider the merits of his Rule 37 appeal." See Docket Entry 11 at CM/ECF 1. This assertion of cause is unavailing. The state trial court considered the merits of his Rule 37 petition and found that they did not warrant relief. He did not obtain state appellate court review of the decision, but only because he failed to file a properly formatted notice of appeal. The blame for that failure rests entirely upon him.

Alternatively, a showing of actual innocence can excuse a procedural default. The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). Damon has failed to make the requisite showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

2. Fourth Amendment claim. Damon's second claim at bar is that his Fourth Amendment rights were violated when his vehicle was searched a second time by off-duty police officers who lacked probable cause. In support of the claim, he notes that justification for the unconstitutional search was predicated upon a pretextual stop of his vehicle and an initial search of the vehicle that revealed nothing.

Damon did not properly raise his second claim in the state courts, as he failed to raise it on direct appeal or in any other properly filed proceeding. A procedural default has therefore arisen, and the only questions are whether his default can be excused and whether the failure to consider the claim will result in a fundamental miscarriage of justice.

It is not necessary to repeat the analysis of Damon's assertions of cause and whether the failure to consider his second claim will result in a fundamental miscarriage of justice. It is enough to again find that his assertions of cause are unavailing, and he has failed to offer new evidence that affirmatively demonstrates he is innocent of the crime.[5]

[5] The undersigned does not reach Payne's assertion that Damon's second claim is foreclosed by Stone v. Powell, 428 U.S. 465 (1976), which provides that a Fourth Amendment claim is not cognizable in a federal habeas corpus proceeding if the state afforded the petitioner an opportunity for full and fair litigation of the claim. Were the undersigned to reach Payne's assertion, the claim is indeed foreclosed. The state afforded Damon a procedure for full and fair litigation of the claim, and he was not prevented from using the procedure because of "an unconscionable breakdown in the system." See Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994).

3. Failure to disclose exculpatory evidence. Damon's third claim at bar is that the prosecution failed to disclose exculpatory evidence. Specifically, he maintains that the prosecution failed to disclose the second search of his vehicle was conducted by off-duty police officers who "lacked authority, which was material to the legality of the search." See Docket Entry 2 at CM/ECF 6.

Damon did not properly raise his third claim in the state courts, as he failed to raise it on direct appeal or in any other properly filed proceeding. A procedural default has therefore arisen, and the only questions are whether his default can be excused and whether the failure to consider the claim will result in a fundamental miscarriage of justice.

It is not necessary to repeat the analysis of Damon's assertions of cause and whether the failure to consider his third claim will result in a fundamental miscarriage of justice. It is enough to again find that his assertions of cause are unavailing, and he has failed to offer new evidence that affirmatively demonstrates he is innocent of the crime.

4. Denial of right to appeal. Damon's last claim at bar is that he was denied his right to appeal the denial of his Rule 37 petition. In support of the claim, Damon alleges that the clerk of the state trial court erred in rejecting Damon's notice of appeal, as he corrected the formatting error.

Damon's last claim warrants no relief. The undersigned so finds for at least two reasons.

First, although Damon appears to have raised his last claim in his motion for rule on the clerk, 28 U.S.C. 2254 only authorizes federal courts to "review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990).[6] The alleged error is simply an infirmity in the Rule 37 proceeding and is therefore not cognizable in this type of proceeding.

Second, the undersigned agrees with Payne that Damon was not improperly denied the right to appeal. "Instead, [Damon] failed to exercise his right to appeal by not complying with the rules governing proper and timely filing," and "what [he] frames as the deprivation of the right to appeal is nothing more than the proper application of a state procedural rule." See Docket Entry 9 at CM/ECF 16.

---

[6] "Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." See Williams-Bey v. Trickey, 894 F.2d at 317. See also Arnett v. Norris, No. 5:02-cv-00469-JWC, 2006 WL 297299, 11 (E.D.Ark. Feb. 7, 2006) (federal habeas proceeding is not appropriate forum for petitioner to challenge, as an independent claim, process afforded him in state post-conviction proceeding).

In conclusion, the undersigned finds that Damon's claims are procedurally barred from federal court review, without merit, or otherwise not cognizable. It is therefore recommended that this case be dismissed, all requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Damon cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 15th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE